**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: <br><br> PLENTY UNLIMITED TEXAS LLC, <br><br>           Debtor. <br> Tax I.D. No. 33-4083500 | Chapter 11 <br><br> Case No. 25-90105 (CML) |
| In re: <br><br> PLENTY UNLIMITED INC., <br><br>           Debtor. <br> Tax I.D. No. 81-1900916 | Chapter 11 <br><br> Case No. 25-90106 (CML) |
| In re: <br><br> MJNN LLC, <br><br>           Debtor. <br> Tax I.D. No. (N/A) | Chapter 11 <br><br> Case No. 25-90107 (CML) |
| In re: <br><br> WHITE FARMS LLC, <br><br>           Debtor. <br> Tax I.D. No. (N/A) | Chapter 11 <br><br> Case No. 25-90108 (CML) |
| In re: <br><br> BLUE GARDENS LLC, <br><br>           Debtor. <br> Tax I.D. No. 84-2338487 | Chapter 11 <br><br> Case No. 25-90109 (CML) |

| | |
|---|---|
| In re: <br><br> BRIGHT AGROTECH, INC., <br><br>                              Debtor. <br> Tax I.D. No. 81-4954106 | Chapter 11 <br><br> Case No. 25-90110 (CML) |
| In re: <br><br> P F2 VA LLC, <br><br>                              Debtor. <br> Tax I.D. No. 88-3589633 | Chapter 11 <br><br> Case No. 25-90111 (CML) <br><br> (Emergency Hearing Requested) |

## DEBTORS' **EMERGENCY** MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 3:00 p.m. (prevailing Central Time) on March 24, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 24, 2025 at 3:00 p.m. (prevailing Central Time) in Courtroom 401, 4th Floor, 515 Rusk, Houston, TX 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Plenty Unlimited Texas LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion"). In support of this Motion, the Debtors submit the *Declaration of Daniel Malech*

3

*in Support of the Debtors' Chapter 11 Petitions and First Day Motions* and the *Declaration of Colin M. Adams in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (collectively, the "First Day Declarations") filed contemporaneously herewith and incorporated herein by reference.[1] In further support of this Motion, the Debtors state as follows:

### RELIEF REQUESTED

1. The Debtors request entry of an order: (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Plenty Unlimited Texas LLC, Case No. 25-90105 (CML) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PLENTY UNLIMITED TEXAS LLC, *et al.*[1] | Case No. 25-90105 (CML) |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are: Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633). The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declarations.

4

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Plenty Unlimited Texas LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the Bankruptcy Local Rules for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 11 cases of:  Plenty Unlimited Texas LLC, Case No. 25-90105 (CML), Plenty Unlimited Inc., Case No. 25-90106 (CML), MJNN LLC, Case No. 25-90107 (CML),  White Farms LLC, Case No. 25-90108 (CML), Blue Gardens LLC, Case No. 25-90109 (CML), Bright Agrotech, Inc., Case No. 25-90110 (CML), and P F2 VA LLC, Case No. 25-90111 (CML). **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-90105 (CML).**

## JURISDICTION

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court's entry of a final order to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and other bases for the relief requested in this Motion are rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1015-1 of the Bankruptcy Local Rules for the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND OF THE DEBTORS

7.      The Debtors are an innovative Agricultural Technology (AgTech) company with a platform focused on indoor vertical farming. The Debtors have partnered with key retailers and merchandizing partners to offer their produce to a broad market. The Debtors' best-in-class technology has the potential to significantly outperform competitors in yield metrics, while producing ultra-premium offerings. The Debtors initially launched production of leafy greens at their farm in Compton, California and are presently focused on their purpose built ultra-premium strawberry producing facility in Richmond, Virginia. The Debtors also operate a research and development facility in Laramie, Wyoming. The Debtors have filed these cases to reorganize their businesses and provide for stabilized go forward operations in Richmond, Virginia and Laramie, Wyoming.

8.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in the Court. Additional information regarding the Debtors' business, capital structure, and the circumstances preceding the Petition Date may be found in the First Day Declarations.

## BASIS FOR RELIEF REQUESTED

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that Plenty Unlimited Texas LLC is an affiliate of each of the other Debtors. Bankruptcy

Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases. The Debtors have filed this Motion in compliance with the Bankruptcy Local Rules.

10. On the date hereof, the Debtors commenced the six chapter 11 cases referenced above by filing petitions for voluntary relief with the Court. Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation with one another, joint administration of the chapter 11 cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the chapter 11 cases will affect each Debtor and its respective estate. The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor shall still file its claim against a particular estate. In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the chapter 11 cases. The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") would be simplified.

11. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this

7

requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

12.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

13.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## **EMERGENCY CONSIDERATION**

14.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations and significantly impact the Debtors' ability to swiftly and efficiently move forward with a value-maximizing transaction. Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## **REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS**

15.     The Debtors request a waiver of any applicable notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). The relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors' ongoing operations and value-maximization process.

8

Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## NOTICE

16. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) counsel to the DIP Lenders; (d) counsel to the Stalking Horse Bidder; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

The Debtors request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: March 23, 2025
Houston, Texas

*/s/ Duston K. McFaul*

| | |
|---|---|
| **SIDLEY AUSTIN LLP** | **WILSON SONSINI GOODRICH & ROSATI, P.C.** |
| Duston K. McFaul (TX Bar No. 24003309) | Erin R. Fay (*pro hac vice* pending) |
| 1000 Louisiana Street, Suite 5900 | Shane M. Reil (*pro hac vice* pending) |
| Houston, Texas 77002 | Heather P. Lambert (*pro hac vice* pending) |
| Telephone:     (713) 495-4500 | 222 Delaware Avenue, #800 |
| Facsimile:     (713) 495-7799 | Wilmington, DE 19801 |
| Email:     dmcfaul@sidley.com | Telephone: (302) 304-7600 |
| | Facsimile: (650) 493-9301 |
| Anthony R. Grossi (*pro hac vice* pending) | E-mails: efay@wsgr.com |
| Ameneh Bordi (*pro hac vice* pending) |      sreil@wsgr.com |
| Weiru Fang (*pro hac vice* pending) |      hlambert@wsgr.com |
| 787 Seventh Avenue | |
| New York, New York 10019 | *Proposed Co-Counsel to the Debtors* |
| Telephone: (212) 839-5300 | *and Debtors in Possession* |
| Facsimile: (212) 839-5599 | |
| E-mail:  agrossi@sidley.com | |
|       abordi@sidley.com | |
|       weiru.fang@sidley.com | |

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Duston K. McFaul*

**Certificate of Service**

I certify that on March 23, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Duston K. McFaul*