## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PLENTY UNLIMITED TEXAS LLC, *et al.*[1] | Case No. 25-90105 (CML) |
| Debtors. | (Jointly Administered) (Emergency Consideration Requested) |

### DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM AND ASSERTION OF VA M&M LIENS; (II) APPROVING FORM AND MANNER FOR FILING PROOFS OF CLAIM AND VA M&M LIEN NOTICES; (III) APPROVING NOTICE OF BAR DATES; AND (IV) GRANTING RELATED RELIEF

**Emergency relief has been requested.  Relief is requested by March 31, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing has been requested on this matter on March 31, 2025 in Courtroom 401, 4th floor, 515 Rusk, Houston, TX 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are:  Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633).  The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

Plenty Unlimited Texas LLC, and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby state as follows in support of this motion (this "Motion"):[2]

## RELIEF REQUESTED

1.     The Debtors seek to establish a claims process by setting deadlines by which certain holders of claims will be required to file a written proof of their claim(s) (collectively, the "Bar Dates" and each individually, a "Bar Date").  The Debtors respectfully request entry of an order, substantially in the form attached hereto, (the "Bar Date Order") establishing the following Bar Dates:

| | | |
|---|---|---|
| **A.** | **General Bar Date:** | April 24, 2025, at 4:00 p.m. (prevailing Central Time) (the "General Bar Date"); |
| **B.** | **VA M&M Lien Enforcement Deadline:** | April 24, 2025, at 4:00 p.m. (prevailing Central Time) (the "VA M&M Lien Enforcement Deadline"); |
| **C.** | **Governmental Bar Date:** | September 25, 2025, at 4:00 p.m. (prevailing Central Time) (the "Governmental Bar Date"); and |
| **D.** | **Amended Schedules Bar Date:** | To the extent applicable, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) twenty-one (21) days from the date on which the Debtors mail notice of an amendment to the Schedules (as defined below) (such date, the "Amended Schedules Bar Date"). |

2.     The Debtors also seek: (a) approval of the form and manner for filing proofs of claim and VA M&M Lien Enforcement Notice (as defined below); (b) approval of the notice of the Bar Dates; and (c) authorization for the Debtors, in their sole discretion, to extend the Bar Date

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the *Declaration of Daniel Malech in Support of the Debtors' Chapter 11 Petitions and First Day Motions*.

for certain holder of claims by stipulation or otherwise where the Debtors determine that such extension is in the best interest of their estates.

## JURISDICTION

3.       The Court (as defined below) has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court's entry of a final order.

4.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.       The statutory and other bases for the relief requested in this Motion are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7), 2002(f), 2002(l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1075-1, 3003-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and section M of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND OF THE DEBTORS

6.       The Debtors are an innovative Agricultural Technology (AgTech) company with a platform focused on indoor vertical farming.  The Debtors have partnered with key retailers and merchandizing partners to offer their produce to a broad market.  The Debtors' best-in-class technology has the potential to significantly outperform competitors in yield metrics, while producing ultra-premium offerings.  The Debtors initially launched production of leafy greens at their farm in Compton, California and are presently focused on their purpose built ultra-premium strawberry producing facility in Richmond, Virginia. The Debtors also operate a research and development facility in Laramie, Wyoming.  The Debtors have filed these cases to reorganize their

businesses and provide for stabilized go forward operations in Richmond, Virginia and Laramie, Wyoming.

7.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in the Court.  Additional information regarding the Debtors' business, capital structure, and the circumstances preceding the Petition Date may be found in the First Day Declarations.

## THE BAR DATES

### I.     The Bar Dates.

8.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 3003(c)(2), any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a proof of claim.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

9.     Although the Complex Case Procedures establish a default bar date in complex cases, Bankruptcy Rule 3003(c)(3), Bankruptcy Local Rule 3003-1, and the Complex Case Procedures make clear that the Court has the authority to establish a different General Bar Date for all non-governmental entities.  The Debtors seek to establish a General Bar Date and VA M&M Lien Enforcement Deadline of **April 24, 2025, at 4:00 p.m. (prevailing Central Time)**, which is twenty-four (24) days following the date on which the Debtors Schedules are anticipated to be filed and thirty-two (32) days following the date on which this Motion has been filed.  The Debtors

believe the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

      **A.**      **General Bar Date.**

      10.      Except as otherwise set forth below, the Debtors request that the Court establish **April 24, 2025, at 4:00 p.m. (prevailing Central Time)** as the General Bar Date for all entities other than governmental units holding prepetition claims against the Debtors to file proofs of claim.  The General Bar Date shall apply to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims (including claims purportedly secured by a VA M&M Lien (as defined below)), unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), or 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority claims.  The General Bar Date would be the last date and time by which all entities, other than governmental units, holding claims arising on or before March 23, 2025, must file proofs of claim so that such proofs of claim are *actually received* by the Debtors' claims, noticing, and solicitation agent, Stretto, Inc. ("Stretto"), on or before the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in the Bar Date Order.

      **B.**      **VA M&M Lien Enforcement Notice Date.**

      11.      In addition, the Debtors request that the Court require that any claimant seeking to assert a mechanic's or materialmen's lien (a "VA M&M Lien") with respect to the Debtors' Virginia facility located at 13500 N. Enon Church Rd. Chester, VA, 23836 (the "Virginia Farm") (a) record a memorandum of lien in the applicable county register (unless the deadline to do so under applicable Virginia law has already passed) and (b) file on the docket a "notice of intent to enforce" such recorded lien (a "VA M&M Lien Enforcement Notice"), in lieu of a complaint, by **April 24, 2025, at 4:00 p.m. (prevailing Central Time)**, unless the holder of a claim purportedly

subject to a VA M&M Lien has already completed these steps prior to the Petition Date.  This procedure comports with applicable Virginia law, as set forth in further detail below.

        **C.**     **Governmental Bar Date.**

        12.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."  11 U.S.C. § 502(b)(9). The Debtors therefore request that the Court establish **September 25, 2025, at 4:00 p.m. (prevailing Central Time)** as the Governmental Bar Date in these chapter 11 cases.   The Governmental Bar Date will apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, if any, whether such claims arose from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors will be required to file proofs of claim so that such proofs of claim are *actually received* by Stretto, on or before the Governmental Bar Date.

        **D.**     **Amended Schedules Bar Date.**

        13.     In the event that the Debtors amend or supplement their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors propose that with respect to holders of claims affected thereby, the Court establish the later of: **(a) the General Bar Date or the Governmental Bar Date, as applicable to such claims; and (b) 4:00 p.m. (prevailing Central Time) on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment or supplement to the Schedules**, as the date by which affected creditors must file a proof of claim.  Notice of the Amended Schedules Bar Date shall be sent to each claimant holding a claim affected by any such amendment or supplement and

shall describe the listing and treatment of such claim on the Schedules, including how such treatment has changed, if applicable, and indicate the Amended Schedules Bar Date for such claim.

## II.     Procedures For Filing Proof of Claim Forms.

### A.     Parties Required to File Proofs of Claim.

14.     Except as otherwise set forth herein, the Debtors request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file a proof of claim on or before the applicable Bar Date:

a.     any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.     any entity who believes that its claim is improperly classified in the Schedules, or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules (including any entity with a purported VA M&M Lien who is otherwise classified in the Schedules as a general unsecured creditor);

c.     any person or entity who holds an actual or purported VA M&M Lien, regardless of whether the lien is subject to dispute;

d.     any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance prior to the General Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a proof of claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

e.     any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

f.     any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**B.      Parties Not Required to File Proofs of Claim by the Applicable Bar Date.**

15.      The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, and in the capacities described below, from any requirement to file a proof of claim prior to the applicable Bar Date:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed proof of claim against the applicable Debtor with Stretto in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.      any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

d.      any person or entity whose claim has previously been allowed by order of the Court;

e.      any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that such current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date;

g.      any person or entity holding an equity interest in any Debtor;

h.      any Debtor having a claim against another Debtor;

i.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

j.     the DIP Secured Parties and the Prepetition Secured Parties (with respect to any Adequate Protection Claims) (each as defined in the DIP Order[3]);

k.     The Prepetition Senior Secured Bridge Note Holders and the Prepetition Agent; provided that the Prepetition Agent shall be authorized, but not required, to file a single master proof of claim with respect to all claims relating to or arising out of the Prepetition Senior Secured Note Documents in which case such master proof of claim shall (i) constitute the filing of a proof of claim form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the Prepetition Senior Secured Note Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a proof of claim form against each applicable Debtor on account of such holder's claims[4];

l.     any person or entity holding a claim for which a separate deadline is fixed by the Court; and

m.     holders of claims for fees and expenses of professionals retained in these chapter 11 cases.

**C.     Requirements for Preparing and Filing Proofs of Claim.**

16.     With respect to preparing and filing proofs of claim, the Debtors propose that the proofs of claim be required to be consistent with the following:

a.     ***Contents of Claim Form.***  Each proof of claim form must (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially to Official Form 410 (substantially in the form attached as **Exhibit 3**); and (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim (along with documentation of such authorization).

b.     ***VA M&M Lien Claim***.  Any proof of claim asserting a claim purportedly secured by a VA M&M Lien must also: (i) include (a) the value of the labor or goods provided, (b) the date on which such labor or goods were last provided, and (c) a description of such labor or goods; and (ii) attach any documentation supporting the purported VA M&M Lien, including attaching a copy of the memorandum of lien as submitted for recording.

---

[3] "DIP Order" means any interim and final orders, as applicable, authorizing the Debtors' use of postpetition, debtor-in-possession financing.

[4] To the extent that either subparagraph (j) or (k) conflicts with paragraph 24 of the DIP Order, paragraph 24 of the DIP Order shall control.

c. **Section 503(b)(9) Claim**.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include (a) the value of the goods provided, (b) the date on which such goods were provided, and (c) a description of such goods; and (ii) attach any documentation supporting the purported claim, including documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

d. **Original Signatures Required**.  Only (i) <u>original</u> proof of claim forms signed electronically or in ink or (ii) proof of claim forms submitted and signed electronically using the electronic filing interface available at https://cases.stretto.com/PlentyUnlimited/File-A-Claim will be deemed acceptable for purposes of claims administration.  Proof of claim forms sent by facsimile or electronic mail will **not** be accepted.

e. **Identification of the Debtor Entity**.  Each proof of claim form must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim form filed without identifying a specific Debtor will be deemed as filed only against Plenty Unlimited Inc.

f. **Claim Against Multiple Debtor Entities**.  Except as otherwise provided in the Bar Date Order or any other order of the Court, each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim form, such claim may be treated as if filed only against Plenty Unlimited Inc.

g. **Supporting Documentation**.  Each proof of claim form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

h. **Timely Service**.  Each proof of claim form, including supporting documentation, must be filed or submitted, including supporting documentation, through any of the following methods:  (i) electronic submission through PACER (Public Access to Court Electronic Records at <u>https://ecf.txsb.uscourts.gov/</u>);  (ii) via the electronic filing interface available at https://cases.stretto.com/PlentyUnlimited/File-A-Claim or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as to be **actually received** by Stretto on or before the applicable Bar Date at the following address:

For First-Class Mail or Overnight Mail to:

**Plenty Unlimited Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR**
**ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

    i.    ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their proof of claim forms were received by Stretto must submit (i) a copy of the proof of claim form; and (ii) a self-addressed, stamped envelope.

**D.**    **Parties Required and Not Required to File a VA M&M Lien Enforcement Notice and Requirements for Filing a VA M&M Lien Enforcement Notice.**

17.    The Debtors request that the Court require that any party who has provided materials or services with respect to the Virginia Farm, located at 13500 North Enon Church Road, Chester, Virginia, 23836, and seeks to assert a mechanic's or materialmen's lien pursuant to applicable Virginia law (a) record a memorandum of lien in accordance with applicable Virginia law (to the extent the time for filing has not yet passed) and (b) file a VA M&M Lien Enforcement Notice.  The Debtors request that the Court exempt from the requirement to file a VA M&M Lien Enforcement Notice any party that has already filed a memorandum of such lien and commenced an enforcement suit.  The Debtors request that any VA M&M Lien Enforcement Notice: (a) be in writing; (b) state the name and address of the claiming party and the amount and nature of claim and purported VA M&M Lien; (c) state that the party would seek to enforce its purported M&M Lien but for the applicability of the automatic stay; and (d) be filed with the Court with proof of service thereof and served on (i) the Debtors; (ii) the Plan Sponsors; (iii) the U.S. Trustee; and (iv) Official Committee of Unsecured Creditors, if any, so as to be actually received on or before the VA M&M Lien Enforcement Deadline.

### E.      Failure to File a Proof of Claim Form.

18.      Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity who is required, but fails, to file a proof of claim form in accordance with the terms of the Bar Date Order on or before the applicable Bar Date (absent the consent of the Debtors in their sole discretion) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim; *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code.  Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

### F.   Failure to File VA M&M Lien Enforcement Notice.

19.      The Debtors request that the Court order that any holder of a claim subject to a purported VA M&M Lien with respect to the Virginia Farm that has not (a) recorded a memorandum of lien (if timely able to do so under applicable Virginia law) and (b) filed on the docket a VA M&M Lien Enforcement Notice by the VA M&M Lien Enforcement Deadline be barred, estopped, and enjoined from asserting a VA M&M Lien so long as (a) the automatic stay pursuant to Bankruptcy Code section 362 remains in effect with respect to such claimant or (b) a further stay or injunction is ordered with respect to such claimant, including as may be provided in an order of the Court confirming a plan of reorganization for the Debtors or a sale of the Debtors' assets; *provided that* in the event the automatic stay provided by section 362 of the Bankruptcy Code is lifted with respect to such claimant or otherwise not in force or replaced pursuant to further order of the Court, the period of time within which such claimant must commence an enforcement action shall be governed by Bankruptcy Code section 108(c).

**III.      Procedures For Providing Notice of the Bar Dates.**

      **A.      Mailing of Bar Date Notice.**

20.      Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 1** to the Bar Date Order (the "Bar Date Notice") to be mailed via first class mail, no later than three (3) business days after entry of the Bar Date Order, to the following parties:

      a.      the U.S. Trustee for the Southern District of Texas;

      b.      counsel to any statutory committee;

      c.      the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

      d.      all known creditors and other known holders of claims against the Debtors;

      e.      all persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

      f.      all persons or entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

      g.      all known holders of equity interests in the Debtors as of the date the Bar Date Order is entered;

      h.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

      i.      all known entities who are party to active litigation with the Debtors;

      j.      all current and former employees of the Debtors employed within three years of the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

      k.      all regulatory authorities that regulate the Debtors;

      l.      the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

      m.      the Office of the United States Attorney for the Southern District of Texas;

      n.      the United States Internal Revenue Service; and

          o.     all other taxing authorities for the jurisdictions in which the Debtors have paid taxes within one year of the Petition Date.

21.     The Debtors shall also post the Bar Date Notice on the Debtors' case website established by Stretto at https://cases.stretto.com/PlentyUnlimited.

22.     Among other things, the Bar Date Notice will: (a) identify the General Bar Date and VA M&M Lien Enforcement Deadline; (b) provide holders of claims with the information necessary to allow them to make an informed decision as to whether to file a proof of claim and comply with the VA M&M Lien Enforcement Deadline; and (c) describe the procedures for filing a timely proof of claim or seeking enforcement of a VA M&M Lien and the consequences of failing to do so.

**B.     Supplemental Mailings**

23.     After the initial mailing of the Bar Date Notice, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses[5] and (b) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process. In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings deemed timely and such Bar Date being applicable to the recipient creditors.

**C.     Publication Notice.**

24.     In the interest of ensuring that all potential claimants receive adequate notice of the General Bar Date, VA M&M Lien Enforcement Deadline, and Governmental Bar Date, in addition

---

[5] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

to providing the Bar Date Notice to all known holders of claims, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form annexed as **Exhibit 2** to the Bar Date Order (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and Richmond Times-Dispatch no later than 3 days after entry of the Bar Date Order, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least 21 days before the General Bar Date.

25.     The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the proof of claim form, the URL for the Debtors' case website maintained by Stretto at which creditors may obtain a copy of the proof of claim form, and information concerning the procedures and appropriate deadlines for filing a proof of claim form.

## BASIS FOR RELIEF

**I.     The Court Is Authorized to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim.**

### A.     Bar Date Generally

26.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

27.     It is well-recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's assets and maximizing property available to satisfy creditors.  *See, e.g., Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999); *In re Integrated Telecom Express, Inc.,* 384 F.3d 108, 119 (3d Cir. 2004).  A claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by a debtor in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

**B.     VA M&M Lien Enforcement Deadline**

28.     In addition, the Debtors respectfully request that the Court fix the VA M&M Lien Enforcement Deadline—consistent with the General Bar Date—to provide the Debtors with necessary certainty of (a) the potential creditor universe that may assert or have asserted VA M&M Liens and (b) the quantum of potential liabilities owed to such creditors on account thereof.  While the Debtors believe their books and records accurately itemize the potential claimants who may assert VA M&M Liens, which will be set forth in the Debtors' Schedules, it is possible that certain claimants may seek to challenge the Debtors' characterization of their claims or amount of liability.  As such, setting the VA M&M Lien Enforcement Deadline in accordance with this motion allows the Debtors to expeditiously determine and evaluate the potential liabilities of the Debtors' estates, which will directly impact the execution of the Debtors' proposed plan and sale path.

29.     Importantly, the proposed VA M&M Lien Enforcement Deadline enables these chapter 11 cases to move forward efficiently while comporting with underlying state law.

Specifically, under Virginia state law, a party seeking to assert an M&M Lien must complete two steps, in strict compliance with the relevant statutes, to assert a mechanic's lien against an interest in real estate: (1) recordation of a valid mechanic's lien memorandum meeting all of the requirements of the statutes, *e.g.*, Va. Code §§ 43-3 to 43-10; and (2) filing suit in equity to enforce the mechanic's lien.  Va. Code § 43-22.  Each of these two acts is subject to a separate time limit.  First, recordation must occur within ninety days after the end of the month in which the lien claimant last performed work or supplied materials.  Va. Code §§ 43-4, 43-7, and 43-9.  Second, an enforcement suit must be filed within six months of recordation.  Va. Code § 43-17.  This second requirement is subject to the automatic stay.  *See In re Richardson Builders, Inc.*, 123 B.R. 736 (Bankr. W.D. Va. 1990).

30.     The Virginia Code is also specific about what must be done to preserve a lien.  The right and remedy which accompanies a mechanic's lien expires if suit is not timely brought, and any lien previously asserted expires.  *See In re Chen*, 351 B.R. 355 (Bankr. E.D. Va. 2006); *see also  Donohoe Const. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 538, 369 S.E.2d 857, 861 (1988) ("[A] duly perfected mechanic's lien will be *extinguished* unless the suit to enforce is timely filed.") (emphasis added).

31.     The procedure for bringing suit is also particular and as a result, liens are often lost.  For instance, merely being named as a defendant in an enforcement suit filed by another lien claimant is insufficient to satisfy Va. Code §§ 43-22 and 43-17; each lien claimant must assert its own enforcement claim in court.  C*ommonwealth Mechanical Contractors, Inc. v. Standard Fed. Sav. & Loan*, 222 Va. 330, 332, 281 S.E.2d 811, 812 (1981); *see also Isle of Wight Materials Co. v. Cowling Bros.*, 246 Va. 103, 103, 431 S.E.2d 42, 43 (1993) (materialman not entitled to enforcement of its perfected mechanic's lien in an interpleader action when it had not filed a

petition to enforce the lien or a petition to intervene in the enforcement action of another lienor within the limitations period).  A mechanic's lien is enforceable only under the conditions established by statute and, in the absence of compliance with those statutory provisions, a court has no jurisdiction to enforce the mechanic's lien. *Id.* at 106.

32.     Nearly all work on the Virginia Farm ceased in November 2024, meaning that the last date on which contractors who performed work on the Virginia Farm during such month could file a memorandum of lien for such work was February 28, 2025.  Consequently, most claimants with purported VA M&M Liens should have already filed the necessary documentation to evidence a VA M&M Lien well in advance of the VA M&M Lien Enforcement Deadline and the commencement of these chapter 11 cases.  To the extent a holder of a purported VA M&M Lien provided goods or services after such date, the Bar Date Notice is reasonably calculated to provide notice of the (slightly) shortened timeline within which such party must act to record a memorandum of lien.[6]   And, the Debtors submit that it is appropriate to require parties to file a notice of intent to enforce, which would mirror the applicable state law statutory requirement, by the VA M&M Lien Enforcement Deadline.

33.     This procedure is reasonably calculated to balance the needs of certainty and finality, as well as avoid individual creditors seeking to lift the automatic stay to bring enforcement actions, with the preservation of the substantive rights of the claimants.  The Debtors submit that the relief is appropriate, especially in light of the request that the relief be limited in the event the automatic stay provided by section 362 of the Bankruptcy Code is lifted with respect to such claimant or otherwise not in force or replaced pursuant to further order of the Court, at which point

---

[6] For the avoidance of doubt, if a holder of a purported VA M&M Lien has already filed a memorandum of lien for goods or services provided, they are not required to file an additional memorandum and nothing contained in this Motion shall be deemed to alter, amend, or extend any applicable deadlines associated with such Lien.

the period of time within which such claimant must commence an enforcement action shall be governed by Bankruptcy Code section 108(c).

***

34.     In sum, the Debtors' procedures, described herein, provide creditors with notice and opportunity and a clear process for filing their claims, all while achieving administrative and judicial efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.  Accordingly, they should be approved.

## II.     The Proposed Notice Procedures Are Reasonable and Appropriate.

35.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7).  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice.  Fed. R. Bankr. P. 2002(1).  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.  Fed. R. Bankr. P. 9008.

36.     In conjunction with setting deadlines to file proofs of claim, the Debtors must provide appropriate notice to interested parties.  The Debtors submit that they will provide appropriate notice by mailing the Bar Date Notice to their known creditors and relying on publication to give notice to their unknown creditors.  *See, e.g., Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

37.     Where a creditor is known to the debtor, due process requires that a debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing

proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require a debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18.

38.     The relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code and applicable case law. Specifically, the Debtors intend to (a) mail the Bar Date Notice to known holders of claims and (b) publish the Publication Notice as soon as practicable after the Court enters the Bar Date Order, but no later than 3 days after entry of the Bar Date Order, providing unknown or unreachable holders of Claims with constructive notice of the Bar Date for filing their proofs of claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Finally, because the Debtors intend to file their Schedules on or before April 2, 2025, known holders of claims will have sufficient opportunity to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

39.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors shall give notice of any amendment to the holders of affected claims and such holders will have no less than twenty-one (21) days from the date of mailing such notice of amendment to file proofs of claim with respect to their claims.

40.     Accordingly, for all the foregoing reasons, the proposed Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest and should be approved.

**III.    Redaction of Certain Confidential Information.**

41.    Bankruptcy Rule 5003 requires the clerk of the Court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation, often contain personal information such as the creditor's name and address.  Section 107(c)(1) of the Bankruptcy Code provides that the Court, for cause, may protect any means of identification contained in any paper filed or to be filed in a case under the Bankruptcy Code. 11 U.S.C. § 107(c)(1).

42.    Cause exists for the Court to authorize creditors of the Debtors to file a redacted proof of claim that does not disclose personally identifiable information with Stretto, provided that an unredacted proof of claim shall be provided upon request by the Debtors.  If an entity files an unredacted proof of claim with Stretto, the Debtors will take reasonable steps to redact such information on the publicly available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of the applicable data privacy laws governing the use of information outside of the United States.[7]

**EMERGENCY CONSIDERATION**

43.    The Debtors request emergency consideration of this Motion on or before March 31, 2025, to maximize creditors' notice of the deadlines to file proofs of claim while also setting a deadline for the General Bar Date and VA M&M Lien Enforcement Deadline that allows the Debtors to achieve the timeline required under the milestones set forth in their debtor-in-possession credit agreement, which provide that confirmation of the Debtors' plan shall occur within fifty-six (56) days of the Petition Date.  To the extent that the requested relief is delayed,

---

[7] *See Debtors'* _Emergency_ *Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated (1) Creditor Matrix and (2) Top Thirty Creditors List, and (B) Redact Certain Personal Information; and (II) Granting Related Relief.* [Docket No. 5].

the Debtors' ability to identify asserted claims and satisfy their requirements to confirm a plan in accordance with such timeline may be imperiled. Shortening notice of this Motion to maximize notice of the Bar Dates is warranted under the circumstances.

## **RESERVATION OF RIGHTS**

44.     Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party in interest's rights to subsequently dispute such claim.

## **NOTICE**

45.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) the Internal Revenue Service; (d) counsel to the DIP Lenders; (e) counsel to the Stalking Horse Bidder; (f) counsel to the Plan Sponsors; (g) the United States Attorney's Office for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Food and Drug Administration; (j) the United States Department of Agriculture; (k) all vendors

who provided goods or services to the Virginia Farm; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

The Debtors request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: March 23, 2025
Houston, Texas

/s/ *Duston K. McFaul*

**SIDLEY AUSTIN LLP**
Duston K. McFaul (TX Bar No. 24003309)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:     (713) 495-4500
Facsimile:     (713) 495-7799
Email:          dmcfaul@sidley.com

Anthony Grossi (*pro hac vice* pending)
Ameneh Bordi (*pro hac vice* pending)
Weiru Fang (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:  agrossi@sidley.com
          abordi@sidley.com
          weiru.fang@sidley.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**WILSON SONSINI GOODRICH & ROSATI**
Erin Fay (*pro hac vice* pending)
222 Delaware Ave #800
Wilmington, DE 19801
Telephone: (302) 304-7600
Facsimile: (650) 493-9301
Email:  efay@wsgr.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Duston K. McFaul*
Duston K. McFaul

**Certificate of Service**

I certify that on March 23, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Duston K. McFaul*
Duston K. McFaul