**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PLENTY UNLIMITED TEXAS LLC, *et al.*,[1] | Case No. 25-90105 (CML) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
P F2 VA LLC (CASE NO. 25-90111)**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are:  Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633).  The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PLENTY UNLIMITED TEXAS LLC, *et al.*,[1] | Case No. 25-90105 (CML) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Plenty Unlimited Texas LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "Global Notes") pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements.  These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.

The Schedules and Statements have been prepared based on information provided by the Debtors' management personnel and their professional advisors, and are unaudited and subject to potential adjustment.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are:  Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633).  The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

inaccuracies may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

In reviewing and signing the Schedules and Statements, Daniel Malech, the Debtors' Interim Chief Executive Officer, has necessarily relied upon the efforts, statements, and representations of the Debtors' employees, personnel, and professionals. Mr. Malech has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

The Debtors and their past or present directors, officers, employees, attorneys, professionals and agents (including, but not limited to, Mr. Malech), do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, Mr. Malech) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or recategorized. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. In no event shall the Debtors or their past or present directors, officers, employees, attorneys, professionals and/or agents (including, but not limited to, Mr. Malech) be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**.  On March 23, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under sections 101-1532 of the Bankruptcy Code. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors included in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances. Additional information about these chapter 11 cases, court filings, and claims information is available on the Debtors' restructuring website: https://cases.stretto.com/PlentyUnlimited/.

The information contained in Schedules A/B, D, E, F, G, and H represents data of the Debtors as of March 22, 2025.

**Basis of Presentation**.  The Debtors prepare consolidated financial statements, which were not audited for fiscal year 2023 or fiscal year 2024. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP. As of the Petition Date, the Debtors did not conduct their normal accounting close process, therefore the normal procedures for reconciling accounts recording and/or adjusting entries, and preparing financial statements (for the period ending as of the Petition Date) was not completed. As such, the Debtors developed the information presented in the Schedules and Statements as of the Petition Date based on currently available and accessible information, and in certain instances, amounts may reflect estimates. The subsequent receipt of additional data and information, including but not limited to vendor invoices, could be material. Moreover, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard. Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time prior thereto. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time prior thereto.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Intellectual Property Rights and Other Intangibles.** Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The value of the Debtors' intellectual property and license agreements are contingent and unliquidated. The Debtors' other

intangibles and intellectual property are listed on Schedules A/B 60 through 64. The current value for these assets is listed as unknown.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which any of the Debtors is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to: (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

a. **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtors to obtain current market valuations for all of the assets of their estates.  Additionally, such an exercise may impede the Debtors' ongoing marketing and sale process.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets.

b. **Setoffs**.  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements.  The Debtors and their estates reserve all rights with respect to any such setoffs.

c. **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

d. **Equipment Leases**.  Prior to the Petition Date, the Debtors leased certain equipment from certain third-party lessors for use in the maintenance of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination

of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

        e.      **Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

        f.      **Inventory.** Inventory is reflected at the Debtors' Compton, California premises as of the date the Debtors' exited such premises (prior to the Petition Date). No effort has been undertaken to value such inventory. Moreover, locations provided with respect to the Debtors' inventory in the Schedules and Statements are the Debtors' best estimates and may be inadvertently inaccurate because physical inventory was not undertaken prior to the Petition Date.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of filing the Schedules and Statements.  If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Estimates**.  The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured nonpriority," or (c) listing a contract or lease on Schedule G as "executory" or "expired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization or the structure of any transaction, or any document or instrument related to such creditor's claim.

**Claims Description**.  The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim set forth on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

**Court Orders**. Pursuant to certain final "first day" orders entered by the Bankruptcy Court (the "First Day Orders"), the Debtors were authorized (but not directed) to pay or satisfy, among other things, certain prepetition obligations owing to employees, independent contractors, employment vendors, taxing authorities, banks and credit card providers. *See* Docket Nos. 59- 63. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are satisfied pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

**Personally Identifiable Information**. In accordance with the relief granted in the *Order (I) Authorizing the Debtors to (A) File a Consolidated (1) Creditor Matrix and (2) Top Thirty Creditors List, (B) Authorizing Redaction of Certain Personal Information, and (C) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases; and (II) Granting Related Relief* [Docket No. 58] and due to the need to protect confidential information and individual privacy, the names and home addresses of individuals have been redacted from the Schedules and Statements.

**Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. The Debtors may also possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

**Interest in Subsidiaries and Affiliates**. Debtor Plenty Unlimited Inc. owns 100% of the equity interests in Debtors MJNN LLC, White Farms LLC, Blue Gardens LLC, Bright Agrotech, Inc., PF2 VA LLC, and Plenty Unlimited Texas LLC. Debtor Plenty Unlimited Inc. also owns 100% of

the equity interests in non-debtor dormant entity Plenty Japan KK. Each Debtor's Schedule A/B Part 4, Question 15.1 or Statement Part 13, Question 25 schedules its ownership interests, if any, in its subsidiaries and affiliates. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.

**Payments**. The financial affairs and businesses of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as described in greater detail in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* (the "Cash Management Motion") [Docket No. 11]. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments may have been made on behalf of another legal entity.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  The information in response to this Schedule lists closing bank account balance as of the Petition Date. See *Interest in Subsidiaries and Affiliates* discussion in the Schedules section of these Global Notes.

**SOAL A/B Question 7**: Information in this Schedule is presented as of March 22, 2025. The Debtors were required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. In addition, the Debtors have caused letters of credit to be issued in favor of certain third parties, including landlords to secure obligations under executory contracts, including leases. Any cash collateral securing letters of credit is reflected as a security deposit in Schedule A/B. The Debtors reserve all rights with respect to the characterization and treatment of such instruments.  The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified. The deposits shown are estimates as of the Petition Date.

**SOAL A/B Question 8:** The Debtors were required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. Some of these prepayments include insurance policies with annual premiums paid in a single lump sum upfront amortized over the policy period and/or monthly upfront installment payments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.  Moreover, the retainer amounts paid by the Debtors to their bankruptcy co-counsel, Sidley Austin LLP and Wilson Sonsini Goodrich & Rosati, P.C., their financial advisor, CBMN Advisors LLC d/b/a Uzzi

& Lall, and their administrative advisor, Stretto, Inc., on an earned upon receipt basis, do not constitute an interest of the Debtors in property and thus are not listed. These amounts paid are listed in response to Statement 11.

The Debtors maintain their books and records on an accrual basis.  Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices.

**SOAL A/B, Part 5, Question 19 – Raw Materials.** The raw materials inventory of Debtor Plenty Unlimited Inc. consists of substrate to plant crops, packaging and crop protection. Prior to the Petition Date, the Debtor did not regularly conduct a physical inventory of these raw materials. The raw materials inventory of Debtor P F2 VA LLC consists of substrate to plant strawberries and crop protection. Given that Debtor P F2 VA LLC's site has recently opened, no physical inventory of such raw materials was performed prior to the Petition Date. As a result, the valuation method used for current value of such materials is fair value and the current value of such materials is listed as "Unknown."

**SOAL A/B, Part 5, Question 20 – Work in Progress.** Debtor Plenty Unlimited Inc.'s primary products, leafy greens, were typically picked and shipped in a matter of days, with no work in progress. Debtor P F2 VA LLC's strawberry plants and the strawberries on them are owned by Driscoll's until they are picked and therefore do not result in work in progress.

**SOAL A/B, Part 5, Question 21 – Finished Goods.** The Debtors' inventory, fresh produce, is generally picked, packaged and shipped in a matter of days. As a result, prior to the Petition Date, the Debtors did not account for finished goods.

**SOAL A/B, Part 5, Question 22 – Other Inventory and Supplies.** For Debtor P F2 VA LLC, other inventory consists of spare parts located in Richmond, Virginia. Given that this site recently opened, the Debtors had not performed a physical inventory of such spare parts prior to the Petition Date. For Debtor Plenty Unlimited Inc., other inventory consists of spare parts located in South San Francisco and Compton, California. No inventory of such spare parts has been performed and their net book value has been provided at cost. The Debtors have used reasonable efforts to identify the location of spare parts, but locations may have changed since the Petition Date. The valuation method used to determine the current value of such inventory or supplies is fair value and the current value of such inventory and supplies is listed as "Unknown."

**SOAL A/B, Part 5, Question 25 – Property Listed in Part 5 Purchased Within 20 Days Before the Bankruptcy Was Filed.** Goods purchased within the twenty (20) days before the Petition Date consist of purchase orders and inventory receipts within the twenty (20) day period. However, a physical inventory of such goods has not been performed and therefore the information provided in response to this question does not represent the Debtors' physical possession of all such property as of the Petition Date. Moreover, the amounts listed in response to Part 5, Question 5 should not be interpreted as an estimate of claims pursuant to Bankruptcy Code section 503(b)(9).

**SOAL A/B, Part 6, Question 28 – Crops.** The Debtors do not own planted or harvested crops. All strawberry plants and strawberries are owned by Driscoll's.

**SOAL A/B, Part 6, Questions 29-35 – Farm Animals, Farm Machinery and Equipment, Farm Supplies.** The Debtors' farming operations do not involve the use of farm animals. Moreover, given that the Debtors operate an indoor vertical farm, their farming operations do not involve the use of traditional farming equipment such as tractors, combines, etc. To the extent that Debtor P F2 VA LLC uses equipment in its farming operations, such equipment is included in "Construction in Progress" described in SOAL A/B, Part 8, Item 50 and is treated the same in the Debtor's books and records. Likewise, any crop chemicals used in the Debtors' farming operations are included in the Debtors' response to SOAL A/B, Part 5, Question 22.

**SOAL A/B, Part 7, Questions 39 and 41 – Office Furniture, Furnishings, and Equipment**. The Debtors' office equipment, furnishings, and supplies are capitalized based on their accounting policies and procedures. The asset values are listed at fair value for Debtor Plenty Unlimited Inc., resulting in an "Unknown" current value for such assets. For Debtor P F2 VA LLC all office furniture located in Richmond, Virginia has been included in the description of "Construction in Progress" in SOAL A/B, Part 8, Item 50.

**SOAL A/B, Part 8, Item 50 – Other Machinery and Equipment**. With respect to Debtors Plenty Unlimited Inc. and P F2 VA LLC certain "Construction in Progress" amounts provided in the Schedules include invoiced amounts which were unpaid by the Debtors as of the Petition Date. As a result, certain of these amounts, which are presented as assets of the Debtors in the Schedules, are actually payables of the Debtors' estates. To reflect this, such assets are valued at fair value in the Schedules and the current value of the Debtors' interest in such assets is listed as "Unknown."

**SOAL A/B, Part 10, Items 60 and 61 – Patents, Copyrights, Trademarks, Trade Secrets, Internet Domain Names and Websites**. The Debtors' ownership interests in their intellectual property are shown as unknown. The Debtors do not list such assets on their books and records and have not performed a valuation analysis regarding such assets.

**SOAL A/B, Part 11, Item 62 – Licenses, Franchises, and Royalties.** Two of the Debtors' employees hold private pesticide applicator licenses in service of their work for Debtors Plenty Unlimited Inc. and P F2 VA LLC. These licenses have been included in the Schedules and Statements out of an abundance of caution.

**SOAL A/B, Part 11, Item 63 – Customer Lists, Mailing Lists and Other Compilations.** The Debtors maintain customer and mailing lists but do not sell or otherwise monetize such lists. Accordingly, the Debtors have presented the net book value, valuation method, and current value of such lists as unknown.

**SOAL A/B, Part 11, Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs).** As indicated by the Debtors' response to this Question 72 and as described more fully in that certain *Debtors' Emergency Motion for Entry of an Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, and Declarations of Worthlessness With Respect To, Equity Interests and for Certain Transfers of Claims Against Debtors; and (II) Granting Related Relief* [Docket No. 8], for the past several years, the Debtors have accrued certain tax credits, including state and federal net operating losses ("NOLs") and state R&D credits, which may be used to offset future tax liabilities. For a variety of reasons, it is uncertain whether the Debtors will be able to carry forward these tax attributes and offset tax liability for future years as a result of the NOLs

and credits. As a result, such NOLs and credits have been presented in these Schedules and Statements with the current value of the Debtor's interest indicated as "Unknown."

**SOAL A/B Question 74 – Causes of Action Against Third Parties.** Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws. The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

**<u>Schedule D – Creditors Who Have Claims Secured by Property</u>.** Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

The Debtors are aware that certain contractors, subcontractors, and vendors/suppliers, including those who have asserted or may assert certain liens under Virginia's mechanic's and materialmen's lien statute, have asserted or may assert claims or liens with respect to work provided at the Debtors' Virginia strawberry farm facility located at 13500 North Enon Church Road, Chester, Virginia 23836. The Debtors have disputed or may dispute the assertion of such claims and/or liens on various grounds, including based on compliance or non-compliance, as applicable, with

any order of the Bankruptcy Court setting requirements for the assertions of such claims and/or liens. Accordingly, the Debtors have listed claims of contractors, subcontractors, and vendors/suppliers, including those who have asserted or may assert certain liens under Virginia's mechanic's and materialmen's lien statute, on Schedule E/F as "unsecured," pending determination of the legal rights, if any, of such claimants.

**Schedule E/F – Creditors Who Have Unsecured Claims.**

**Part 1**.  The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on Schedule E/F on any basis at any time. Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as "Undetermined" in amount, pending final resolution of ongoing audits or other outstanding issues.

**Part 2**.  Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts.  Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of March 22, 2025.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F.  The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these chapter 11 cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these chapter 11 cases.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor affiliate).

**Schedule G – Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G. Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts,

unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed on Schedule G.

Certain confidentiality, non-disclosure, and non-compete agreements may not be listed on Schedule G. Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

**Schedule H - Codebtors.** Although commercially reasonable efforts have been made to ensure the accuracy of Schedule H regarding executory contracts under which multiple Debtors have obligations, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule H. Omission of a contract, lease, or other agreement from Schedule H does not constitute an admission that such omitted contract, lease, or other agreement is not an obligation of multiple Debtors in these chapter 11 cases. Schedule H may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which multiple of the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule H at this time.

## NOTES FOR STATEMENTS

**Statement 1**. The information provided in response to this Statement reflects Gross Revenue by the Debtors in fiscal year 2023, fiscal year 2024 and year-to-date for fiscal year 2025 as of March 23, 2025.

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within ninety (90) days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively. Additionally, Statement 3 includes aggregate payments made to the providers of the Debtors' corporate credit cards as well as individual payments made to individual vendors using the Debtors' corporate credit cards. To accurately reflect the discrepancy in dates between when the corporate credit cards are paid and the individual payments are paid, the Debtors have listed these transactions twice. To avoid

unnecessary duplication, payments made to the Debtors' professionals are not listed in Statement 3, but are instead only reflected in Statement 11.

**Statement 4**.  Statement 4 has been presented on a gross payment basis.  Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations.

**Statement 7**.  The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

**Statement 11**.  All payments made to any entities that provided services in the one (1) year-period prior to the Petition Date to the Debtors related to consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy are listed on that Debtor's response to Statement 11. Statement 11 also includes payments remitted to GLAS USA, LLC, Moses Singer LLP, Davis Polk & Wardwell LLP, Sullivan & Cromwell LLP, and Porter Hedges LLP, for services provided to the Debtors' prepetition agent and lenders with respect to the "Bridge Loan" prior to the filing of these chapter 11 cases, as described in greater detail by the *Declaration of Daniel Malech In Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 24]. Additional information regarding the Debtors' retention of professional service firms will be more fully described in individual retention applications and related orders.

**Statement 13.**  As set forth in greater detail in the Cash Management Motion, given the interconnected nature of the Debtors' business, Debtor Plenty Unlimited Inc. transfers funds (typically around once a month) to Debtor P F2 VA LLC to support Debtor P F2 VA LLC's operations. These transactions are trackable but given that they occurred from time to time in the ordinary course of business, the Debtors did not list all instances of such transactions in these Schedules and Statements.

**Statement 14.**  The Debtors have vacated and turned over the keys to the landlord of the following premises as of March 21, 2025: (i) 570 Eccles Avenue, South San Francisco, California 94080, (ii) 582 Eccles Avenue, South San Francisco, California 94080, (iii) 590 Eccles Avenue, South San Francisco, California 94080, (iv) 126 E. Oris Street, Compton, California 90222, and (v) 13203 North Enon Church Road, Chester, Virginia 23826. The addresses of these premises have been included in the Debtors' response to this Statement 14 out of an abundance of caution.

**Statement 24.**  As of the date of filing these Schedules and Statements, the Debtors are not aware of any unplanned release of hazardous materials and have not notified any governmental unit of any such release. However, at their remaining operational farm the Debtors regularly engage in the disposal of hazardous materials in the ordinary course of business. Prior to the prepetition surrender of access to the Debtors' former premises in South San Francisco and Compton, California, the Debtors began the process of removing hazardous materials from such premises. Without access to such premises, the Debtors have a decreased ability to monitor materials located therein. As of the date of filing these Schedules and Statements, the Debtors are continuing to engage with professionals to understand the status of remaining hazardous materials at such

premises (if any) and any go-forward obligations the Debtors have with respect to such premises under applicable law.

**Statement 26d**. The Debtors provided financial statements in the ordinary course of their businesses to various parties upon request within two (2) years immediately before the Petition Date but did not regularly maintain records of when such financials were provided or who made the request. Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors and landlords and their legal and financial advisors. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

**Statement 27.** Given the short-lived nature of the Debtors' products (strawberries), the Debtors' inventory tends to be very low and immaterial for purposes of financial reporting. Therefore, no physical inventory has been taken.

**Statement 30.** Information provided in response to this Statement 30 may be found in Statement 4.

**These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the Debtors. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note in any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| P F2 VA LLC, *et al.*[1] | Case No. 25-90111 (CML) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## P F2 VA LLC (CASE NO. 25-90111)

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each of the Debtors' federal tax identification numbers, are: Plenty Unlimited Texas LLC (3500); Plenty Unlimited Inc. (0916); MJNN LLC (N/A); White Farms LLC (N/A); Blue Gardens LLC (8487); Bright Agrotech, Inc. (4106); and P F2 VA LLC (9633). The Debtors' service address is 1461 Commerce Drive, Laramie, WY 82070.

**Fill in this information to identify the case:**

Debtor name: P F2 VA LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 25-90111

☐ **Check if this is an amended filing**

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B ..................... Unknown

1b. **Total personal property:**
Copy line 91A from Schedule A/B ..................... $63,275.62

1c. **Total of all property:**
Copy line 92 from Schedule A/B ..................... $63,275.62

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ..................... $8,675,000.00

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F ..................... $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ..................... $13,202,403.00

**4. Total Liabilities**
Lines 2 + 3a + 3b ..................... $21,877,403.00

**Fill in this information to identify the case:**

Debtor name: P F2 VA LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 25-90111

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

| 2.1 | $0.00 |
|---|---|

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 Silicon Valley Bank | P F2 VA LLC Operating Account | 9884 | $8,052.60 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 None | $0.00 |
|---|---|

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $8,052.60 |
|---|

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1 | None | $0.00 |
|---|---|---|

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| 8.1 | AP Credit Balances - Over 90 Days Old | $2,041.04 |
|---|---|---|

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | $2,041.04 |
|---|---|

## Part 3:   Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | $28,002.53 | − | $0.00 | = ........ ➜ | $28,002.53 |
|---|---|---|---|---|---|---|
|  |  | face amount |  | doubtful or uncollectible accounts |  |  |
| 11b. | Over 90 days old: | $2,041.04 | − | $0.00 | = ........ ➜ | $2,041.04 |
|  |  | face amount |  | doubtful or uncollectible accounts |  |  |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | $30,043.57 |
|---|---|

## Part 4:   Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | $0.00 |
|---|---|---|

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                    % of ownership:

| 15.1 | | | $0.00 |
|---|---|---|---|

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____   _____   $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.     $0.00

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1   Substrate to Plant Strawberries, Crop Protection | N/A | $30,782.62 | Fair Value | Unknown |
| **20. Work in progress** | | | | |
| 20.1   None | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1   None | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1   Spare Parts at Richmond | N/A | Unknown | Fair Value | Unknown |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.     Unknown

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☑ Yes   Book value   $18,182.19   Valuation method   Fair Value   Current value   Unknown

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor  P F2 VA LLC
              Name

Case number *(if known)* 25-90111

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

Note: The Debtor operates an indoor vertical farm which does not use typical farm equipment such as tractors, combines, etc..  Strawberry plants are owned by Driscolls and not by the Debtor.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

| $0.00 |
|---|

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No

       ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes  Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**   Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 Office Furniture - Richmond Farm | None. Included in Construction in Progress | N/A | None. Included in Construction in Progress |
| **40. Office fixtures** | | | |
| 40.1 None | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Miscellaneous Computer Equipment and Related Technology Located in Richmond, Virginia. | $23,138.41 | Fair Value | Unknown |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| Unknown |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 8:**   Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 None | | | $0.00 |

Debtor ___P F2 VA LLC___
         Name

Case number *(if known)* 25-90111

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | | | |
| None | | | $0.00 |

**49. Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | | | |
| None | | | $0.00 |

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| 50.1 Construction in Progress – Richmond Farm – Perception Devices | $134,683.67 | Fair Value | Unknown |
| 50.2 Construction in Progress – Richmond Farm – Building Commissioning | $203,932.66 | Fair Value | Unknown |
| 50.3 Construction in Progress – Richmond Farm – Construction | $74,024,156.37 | Fair Value | Unknown |
| 50.4 Construction in Progress – Richmond Farm – Conveyance | $6,639,557.39 | Fair Value | Unknown |
| 50.5 Construction in Progress – Richmond Farm – Devices – Vertical Grow Lights | $12,429,512.03 | Fair Value | Unknown |
| 50.6 Construction in Progress – Richmond Farm – Electrical | $3,775,833.79 | Fair Value | Unknown |
| 50.7 Construction in Progress – Richmond Farm – Headhouse Equipment (Forklifts, etc.) | $375,757.62 | Fair Value | Unknown |
| 50.8 Construction in Progress – Richmond Farm – Integrated Controls | $1,030,770.30 | Fair Value | Unknown |
| 50.9 Construction in Progress – Richmond Farm – IT Servers, Videoconferencing, etc | $306,291.32 | Fair Value | Unknown |
| 50.10 Construction in Progress – Richmond Farm – Mechanical – Chillers, AHUs | $10,537,492.13 | Fair Value | Unknown |
| 50.11 Construction in Progress – Richmond Farm – Nutrient and Irrigation | $3,392,102.58 | Fair Value | Unknown |
| 50.12 Construction in Progress – Richmond Farm – Office and Facilities | $38,602.97 | Fair Value | Unknown |
| 50.13 Construction in Progress – Richmond Farm – Pollination, UVC, Foliar | $1,100,204.20 | Fair Value | Unknown |
| 50.14 Construction in Progress – Richmond Farm – Pre-Construction: Logistics, Storage, Travel | $175,713.49 | Fair Value | Unknown |

| | | | |
|---|---|---|---|
| 50.15 Construction in Progress – Richmond Farm – Pre-Construction: Scheduling and Cost Control | $1,842,759.13 | Fair Value | Unknown |
| 50.16 Construction in Progress – Richmond Farm – Pre-Construction: Site Specific Design and Consultants | $3,923,559.70 | Fair Value | Unknown |
| 50.17 Construction in Progress – Richmond Farm – Pre-Construction: Site Utilities, Infrastructure, Permitting | $1,305,291.35 | Fair Value | Unknown |
| 50.18 Construction in Progress – Richmond Farm – Process Commissioning | $132,935.79 | Fair Value | Unknown |
| 50.19 Construction in Progress – Richmond Farm – Towers | $524,470.87 | Fair Value | Unknown |
| 50.20 Construction in Progress – Richmond Farm – Transplant Facility | $402,083.07 | Fair Value | Unknown |
| 50.21 Construction in Progress – Richmond Farm – Vertical Process Equipment (Lifts, etc.) | $341,863.83 | Fair Value | Unknown |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

Unknown

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 9:  Real Property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 13500 North Enon Church Road, Chester, VA 23836 | Leased | Unknown | N/A | Unknown |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

Unknown

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 None | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 FDA Food Facility Registration | Unknown | Unknown | Unknown |
| 62.2 PSA Grower Training Certification | Unknown | Unknown | Unknown |
| 62.3 Richmond Farm Site Plan Approval | Unknown | Unknown | Unknown |
| 62.4 RLD Certification (Certification for SWPPP) | Unknown | Unknown | Unknown |
| 62.5 VA Land Disturbance Permit | Unknown | Unknown | Unknown |
| 62.6 VSMP Stormwater registration | Unknown | Unknown | Unknown |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 None | | | $0.00 |

**65. Goodwill**

65.1

None                                                                          $0.00

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

Unknown

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|----------|------------------|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

Current value of debtor's interest

**71. Notes receivable**
Description (include name of obligor)

71.1

None _____ total face amount _____ – _____ doubtful or uncollectible amount = ➔ _____ $0.00

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

None                              Tax year _____                $0.00

**73. Interests in insurance policies or annuities**

73.1

None                                                                          $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

None                                                                          $0.00

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

Virginia Farm - Construction Contractors and Direct Vendors          Unknown

Nature of Claim    Worksmanship issues

Amount requested   Unknown

**76. Trusts, equitable or future interests in property**

76.1 Power Line ROFR - per Dominion Energy Electric Services Agreement

Unknown

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 None

$0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

Unknown

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 12:   Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $8,052.60 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $2,041.04 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $30,043.57 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | Unknown | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | Unknown | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | Unknown | |
| **88. Real property.** Copy line 56, Part 9. | ➔ | Unknown |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | Unknown | |
| **90. All other assets.** Copy line 78, Part 11. | Unknown | |
| **91. Total. Add lines 80 through 90 for each column** | 91a. $63,275.62 | 91b. $0.00 |

Debtor    P F2 VA LLC
          Name

Case number *(if known)* 25-90111

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.

$63,275.62

**Fill in this information to identify the case:**

Debtor name: P F2 VA LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 25-90111

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

2.1

One Madison Group – Plenty II, LLC
3 East 28th Street Floor 8
New York, NY 10016

**Date debt was incurred?**
Various

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**
All Assets

**Describe the lien**
Pre-Petition Funding

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$4,337,500.00   Undetermined

**2.2**

SVF II Pacific (DE) LLC
c/o SB Investment Advisers (US), Inc.
300 El Camino Real
Menlo Park, CA 94025

**Describe debtor's property that is subject to the lien:**
All Assets

$4,337,500.00   Undetermined

**Describe the lien**
Pre-Petition Funding

**Date debt was incurred?**
Various

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$8,675,000.00

**Part 2:** **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **3.1** One Madison Group c/o Porter Hedges LLP Attn: John F. Higgins, Megan Young-John, & James A. Keefe 1000 Main Street, 36th Floor Houston, TX 77002 | 2.1 & 2.2 | |
| **3.2** One Madison Group c/o Davis Polk & Wardwell LLP Attn: Brian M. Resnick, Jonah A. Peppiatt & Amber Leary 450 Lexington Avenue New York, NY 10017 | 2.1 & 2.2 | |
| **3.3** SVF II Pacific (DE) LLC c/o Porter Hedges LLP Attn: John F. Higgins, Megan Young-John & James A. Keefe 1000 Main Street, 36th Floor Houston, TX 77002 | 2.1 & 2.2 | |

3.4

SVF II Pacific (DE) LLC
c/o Sullivan & Cromwell LLP
Attn: Benjamin S. Beller
125 Broad St
New Yrok, NY 10004-2498

2.1 & 2.2

**Fill in this information to identify the case:**

Debtor name: P F2 VA LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 25-90111

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

2.1

Virginia County Sales and Use Taxes
Office of Customer Services
P.O. Box 1115
Richmond, VA 23218-1115

As of the petition filing date, the claim is: *Check all that apply.*  —  Total claim: Undetermined  —  Priority amount: Undetermined

☑ Contingent

☑ Unliquidated

☑ Disputed

**Date or dates debt was incurred**
Various

**Basis for the claim:**
Tax Claim

**Last 4 digits of account number**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

| Debtor | P F2 VA LLC | Case number *(if known)* 25-90111 |
|--------|-------------|-----------------------------------|
| | Name | |

Case 25-90105   Document 141   Filed in TXSB on 04/02/25   Page 33 of 42

**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1**

See Exhibit F
_____

**Date or dates debt was incurred**
_____
_____

**As of the petition filing date, the claim is:**    $13,202,403.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:** **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| **4.1** | Line _____ | _____ |
| | ☐ Not listed. Explain | |

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $13,202,403.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $13,202,403.00 |

**SCHEDULE F ATTACHMENT**
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Attention | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.001 | A&A Contractors dba New Market Asphalt Corp. | | 11901 Old Stage Rd Ste B | | | Chester | VA | 23836-2413 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.002 | Ace Hydroseeding, Inc. | | 5639 S LABURNUM AVE | | | HENRICO | VA | 23231 | | 2/21/2025 | | Trade Claim | | | | No | $2,390.00 |
| 3.003 | ACIES Engineering | Attn: Kirsten Klein | 400 N. McCarthy Boulevard | Ste. 250 | | Milpitas | CA | 95035 | | 10/2/2024 | | Trade Claim | | | | No | $2,240.00 |
| 3.004 | Adept AG. Ultimate Holdings LLC | | 2929 Arch Street | | | Philadelphia | PA | 19104 | | 1/30/2025 | | Trade Claim | | | | No | $1,029.03 |
| 3.005 | Advanced Systems Technology Sprayer Depot, LLC | | 7800 N. Orange Blossom Trail | | | Orlando | FL | 32810 | | 6/6/2024 | | Trade Claim | | | | No | $2,738.35 |
| 3.006 | Aegis WC, LLC | | 8455 Colesville Road, Suite 1500 | | | Silver Spring | MD | 20910 | | Various | | Trade Claim | | | | No | $47,577.50 |
| 3.007 | Aluminio de Baja California S.A de C.V | | PO Box 1399 | | | Chula Vista | CA | 91912-1399 | | Various | | Trade Claim | | | | No | $99,793.94 |
| 3.008 | Amazon | | PO Box 035184 | | | Seattle | WA | 98124-5184 | | Various | | Trade Claim | | | | No | $9,138.73 |
| 3.009 | AmeriGas | | PO Box 371473 | | | Pittsburgh | PA | 15250-7473 | | Various | | Utility Claim | | | | No | $225.04 |
| 3.010 | Amphenol DC Electronics | | 1870 Little Orchard Street | | | San Jose | CA | 95125 | | Various | | Trade Claim | | | | No | $373,688.75 |
| 3.011 | Arbon | | 195 S Rite Hite Way | | | Milwaukee | WI | 53204-1195 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.012 | ArcBest | | 4575 Tidewater Ave. | | | Oakland | CA | 94601-3917 | | Various | | Trade Claim | | | | No | $7,401.03 |
| 3.013 | Barry Wehmiller Design Group, Inc. | | 6119 Washington Blvd Suite 100 | | | Commerce | CA | 90040 | | Various | | Trade Claim | | | | No | $723,270.50 |
| 3.014 | Benton Roofing | | 814 Tracy Grove Rd | | | Flat Rock | NC | 28731 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.015 | Brand Safway | | 600 Galleria Parkway | | | Atlanta | GA | 30339 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.016 | BSI America Professional Services Inc. | | 4 Chase Metrotech Center - 7th Floor | Lockbox 23424 | | Brooklyn | NY | 11245 | | 9/11/2024 | | Trade Claim | | | | No | $5,000.00 |
| 3.017 | C&G AG , LLC | | 350 West Venice Avenue Unit 1170 | | | Venice | FL | 34285 | | Various | | Trade Claim | | | | No | $17,570.70 |
| 3.018 | C.H. Robinson Company | | PO Box 9121 | | | Minneapolis | MN | 55480-9121 | | 9/25/2024 | | Trade Claim | | | | No | $4,950.00 |
| 3.019 | C.T. Purcell Excavating, Inc. | c/o Owens & Owens PLC | Attn: Samuel J. Kaufman | 15521 Midlothian Turnpike | Suite 300 | Midlothian | VA | 23113 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.020 | Capital Cabinetry | | 5520 Pride Road | | | Richmond | VA | 23224 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.021 | Capital Interior Contractors, Inc. | | 3201-1 Rosedale Ave | | | Richmond | VA | 23230 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.022 | Cencal CNC, Inc | | 2491 Simpson St | | | Kingsburg | CA | 93631 | | 11/13/2024 | | Trade Claim | | | | No | $17,218.48 |
| 3.023 | Century Concrete LLC | c/o Kaufman & Canoles | Attn: Dennis T. Lewandowski | 150 W. Main Street, Suite 2100 | | Norfolk | VA | 23510 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.024 | Century Construction Company Inc. | | c/o The Law Office of Christopher G. Hill, PC | 4860 Cox Road, Suite 200 | | Glen Allen | VA | 23060 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.025 | Chesterfield County | | PO Box 71143 | | | Charlotte | NC | 28272-1143 | | 3/6/2025 | | Municipality Claim | | | | No | $1,467.07 |
| 3.026 | Chesterfield Fencing & More, LLC | | PO Box 74724 | | | N Chesterfield | VA | 23236 | | 12/16/2024 | | Trade Claim | | | | No | $2,614.24 |
| 3.027 | Colonial Webb Contractors Company | c/o Corporation Service Company | 100 Shockoe Slip | Floor 2 | | Richmond | VA | 23219 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.028 | Columbia Gas of Virginia, Inc | | PO Box 70319 | | | Philadelphia | PA | 19176-0319 | | 3/20/2025 | | Utility Claim | | | | No | $160.56 |
| 3.029 | Cumming Management Group, Inc. | | 25220 Hancock Ave | Suite 440 | | Murrieta | CA | 92562 | | Various | | Trade Claim | | | | No | $195,687.70 |
| 3.030 | Dante Technologies | | 19355 Cypress Ridge Ter Unit 812 | | | Leesburg | VA | 20176-6908 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.031 | Deca Fabricators LLC | | PO Box 820689 | | | Vancouver | WA | 98682 | | 9/13/2024 | | Trade Claim | | | | No | $46,489.80 |
| 3.032 | Delta Systems Environmental, LLC | | 1720 North Woodhouse Road | | | Virginia Beach | VA | 23454 | | 12/4/2024 | | Trade Claim | | | | No | $1,290.00 |

SCHEDULE F ATTACHMENT
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Attention | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.033 | DM Trans LLC | | PO Box 207779 | | | Dallas | TX | 75320-7779 | | Various | | Trade Claim | | | | No | $7,584.40 |
| 3.034 | Dominion Energy Virginia | | PO Box 26543 | | | Richmond | VA | 23290-0001 | | Various | | Utility Claim | | | | No | $114,532.75 |
| 3.035 | Ecolab Pest Elimination Division | | 26252 Network Place | | | Chicago | IL | 60673-1262 | | Various | | Trade Claim | | | | No | $3,034.98 |
| 3.036 | ECS Mid-Atlantic, LLC | Attn: James A. Eckert | 14026 Thunderbolt Place | Suite 100 | | Chantilly | VA | 20151 | | Various | | Trade Claim | | | | No | $144,444.50 |
| 3.037 | Electrical Controls & Maintenance | | PO Box 128 | 5527 Mechanicsville Turnpike | | Mechanicsville | PA | 23111 | | 11/1/2024 | | Litigation Claim | x | x | x | No | Undetermined |
| 3.038 | Electrical Controls & Maintenance Inc. | c/o Durrette, Arkema, Gerson & Gill, PC | Attn: S. Sadiq Gill | PO Box 395 | | Richmond | VA | 23218 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.039 | Empirical Packaging Solutions | | 1689 Crown Ave, Suite 5 | | | Lancaster | PA | 17601 | | Various | | Trade Claim | | | | No | $234,262.50 |
| 3.040 | EMSCO LLC | | 10181 Cedar Ridge Dr. | | | Ashland | VA | 23005 | | Various | | Trade Claim | | | | No | $162,226.05 |
| 3.041 | Facility Dynamics Engineering Corp. | Attn: J. Jay Santos | 6760 Alexander Bell Drive | Suite 200 | | Columbia | MD | 21046 | | Various | | Trade Claim | | | | No | $120,861.94 |
| 3.042 | Fisher Scientific Company, LLC | | 13551 Collections Center Drive | | | Chicago | IL | 60693 | | 9/25/2024 | | Trade Claim | | | | No | $2,166.29 |
| 3.043 | Four Square Industrial Constructors LLC | | 1 Four Square Industrial Drive | | | Petersburg | VA | 23805 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.044 | Gavan Graham | | 751 Rahway Avenue | | | Union | NJ | 07083 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.045 | Gigahertz-Optik Inc. | ATTN: CAT CARGILL | 110 HAVERHILL RD | BLDG B | STE 205 | AMESBURY | MA | 01913 | | 8/21/2024 | | Trade Claim | | | | No | $3,910.00 |
| 3.046 | Grainger | | DEPT. 887018397 | | | Palatine | IL | 60038-0001 | | Various | | Trade Claim | | | | No | $81,729.28 |
| 3.047 | Gregory Poole Equipment Company | | PO Box 60457 | | | Charlotte | NC | 28260 | | Various | | Trade Claim | | | | No | $2,980.87 |
| 3.048 | Harrington Industrial Plastics | | PO Box 5128 | | | Chino | CA | 91708-5128 | | Various | | Trade Claim | | | | No | $108.74 |
| 3.049 | Hawthorne Investments LLC A | | 2600 E Parham Rd | Suite A | | Henrico | VA | 23228-2932 | | Various | | Trade Claim | | | | No | $1,011.48 |
| 3.050 | Hercules | | 1526 Early Street | | | Norfolk | VA | 23502 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.051 | Home Depot | | 2455 Paces Ferry Rd SE | | | Atlanta | GA | 30339-6444 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.052 | HP Digisoft LLC | | 590 Herndon Parway, STE 120 | | | Herndon | VA | 20170 | | 9/22/2024 | | Trade Claim | | | | No | $1,589.00 |
| 3.053 | IEH - JL Analytical | | 15300 Bothell Way NE | | | Lake Forest Park | WA | 98155 | | Various | | Trade Claim | | | | No | $2,940.89 |
| 3.054 | IFM Efector, Inc | | PO Box 8538-307 | | | Philadelphia | PA | 19171-0307 | | 8/20/2024 | | Trade Claim | | | | No | $779.32 |
| 3.055 | Industrial TurnAround Corporation | c/o C.T. Corporation System | 4701 Cox Road | Suite 285 | | Glen Allen | VA | 23060 | | Various | | Trade Claim | | | | No | $187,911.06 |
| 3.056 | Inland Metal Technologies | Attn: Jennifer Sutton | 3245 Depot Rd | | | Hayward | CA | 94545 | | Various | | Trade Claim | | | | No | $49,622.48 |
| 3.057 | InterCrate, Inc. | | PO Box 10349 4026 E. Jensen Ave. | | | Fresno | CA | 93745 | | 9/24/2024 | | Trade Claim | | | | No | $8,512.23 |
| 3.058 | ITW Food Equipment Group LLC | | 701 S Ridge Ave | | | Troy | OH | 45374-0001 | | Various | | Trade Claim | | | | No | $64,943.65 |
| 3.059 | J.H. Rose Logistics | | PO Box 675131 | | | Dallas | TX | 75267-5131 | | Various | | Trade Claim | | | | No | $18,050.00 |
| 3.060 | J.S. Archer Company, Inc. | | 10466 Dow Gil Road | | | Ashland | VA | 23005 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.061 | Jacobs Engineering Group Inc. | | 4 Embarcadero Center Suite 3800 | | | San Francisco | CA | 94105 | | Various | | Trade Claim | | | | No | $420,260.73 |
| 3.062 | James River Nurseries Inc. | | 13244 Ashland Road | | | Ashland | VA | 23005 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.063 | Jefco | | 11501 N. Lakeridge Pkwy. Ste. 100 | | | Ashland | VA | 23005 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.064 | Kennerley-Spratling, Inc. | | 2116 Farallon Drive | | | San Leandro | CA | 94577 | | Various | | Trade Claim | | | | No | $244,000.08 |
| 3.065 | Kohmar Air Duct Cleaning LLC. | | 2121 N. Hamilton Street | Suite B | | Richmond | VA | 23230 | | 9/20/2024 | | Trade Claim | | | | No | $10,500.00 |

SCHEDULE F ATTACHMENT
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Attention | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.066 | Koppert Biological Systems, Inc | | PO Box 358090 | | | Pittsburgh | PA | 15251-5090 | | 3/20/2025 | | Trade Claim | | | | No | $1,391.51 |
| 3.067 | Kuehne + Nagel | | PO Box 894095 | | | Los Angeles | CA | 90189-4095 | | Various | | Trade Claim | | | | No | $98,527.45 |
| 3.068 | Legro USA, Inc. | | 888 E. Thousand Oaks Blvd. Suite #205 | | | Thousand Oaks | CA | 91360 | | Various | | Trade Claim | | | | No | $30,775.60 |
| 3.069 | Liphart Steel Co. Inc. | c/o Hirschler Fleischer, P.C. | Attn: Nathaniel L. Story | 2100 E. Cary Street | | Richmond | VA | 23223 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.070 | Material Handling Technologies, Inc. | | 113 International Drive | | | Morrisville | VA | 27560 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.071 | McMaster-Carr | | PO Box 7690 | | | Chicago | IL | 60680-7690 | | Various | | Trade Claim | | | | No | $4,051.53 |
| 3.072 | Metalcraft Inc. | | 3360 9th Street S.W. | | | Mason City | IA | 50401 | | 9/3/2024 | | Trade Claim | | | | No | $3,911.66 |
| 3.073 | Morr, INC | | 6500 Flotilla Street | | | Commerce | CA | 90040 | | Various | | Trade Claim | | | | No | $24,147.49 |
| 3.074 | NAI Group, LLC | | 700 Tower Drive | Suite 125 | | Troy | MI | 48098 | | Various | | Trade Claim | | | | No | $80,119.35 |
| 3.075 | Nefab Packaging Northeast, LLC. | | PO Box 360695 | | | Pittsburgh | PA | 15251-6695 | | Various | | Trade Claim | | | | No | $20,747.48 |
| 3.076 | Noland Company | | 2101 Staples Mill Road | | | Richmond | VA | 23230 | | 12/10/2024 | | Trade Claim | | | | No | $13,742.40 |
| 3.077 | NOPE Compost Co. | | 10307 W Broad Street #301 | | | Glen Allen | VA | 23060 | | Various | | Trade Claim | | | | No | $5,490.00 |
| 3.078 | North Coast Electric Company | | PO Box 748177 | | | Los Angeles | CA | 90074 | | Various | | Trade Claim | | | | No | $1,490,986.47 |
| 3.079 | Notifii LLC | | 1420 E Roseville Pkwy #140-243 | | | Roseville | CA | 95661 | | 1/1/2025 | | Trade Claim | | | | No | $714.00 |
| 3.080 | Nutrien Ag Solutions, Inc - Watsonville | | 5 Lakeview Rd | | | Watsonville | CA | 95076 | | 10/29/2024 | | Trade Claim | | | | No | $323.17 |
| 3.081 | Nycom | | 14200 Michaux Glen Dr | | | Midlothian | VA | 23113 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.082 | OCS IntelliTrak, Inc. | | 8660 Seward Rd | | | Fairfield | OH | 45011 | | Various | | Trade Claim | | | | No | $3,301,419.23 |
| 3.083 | Opulent Techno Pte. Ltd. | | 22 Sin Ming Lane, #05-79 Midview City | | | Singapore | | 573969 | Singapore | Various | | Trade Claim | | | | No | $211,778.64 |
| 3.084 | Pace Analytical Services, LLC | | 1311 Helmo Avenue North | | | Oakdale | MN | 55128 | | 1/6/2025 | | Trade Claim | | | | No | $275.00 |
| 3.085 | Panel Built Inc. | | PO Box 2658 | | | Blairsville | GA | 30514 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.086 | PB Tec USA Inc | | 5050 Quorum Dr Ste 700-479 | | | Dallas | TX | 75254 | | Various | | Trade Claim | | | | No | $1,333,013.87 |
| 3.087 | Penske Transportation Management, LLC | | PO Box 824852 | | | Philadelphia | PA | 19182-4852 | | 8/2/2024 | | Trade Claim | | | | No | $1,430.00 |
| 3.088 | Performance Coatings | | 5222 FLORIST ROAD NW | | | Roanoke | VA | 24012 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.089 | Perley Halladay | | 1037 Andrew Drive | | | West Chester | PA | 19380 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.090 | Pine Environmental Services LLC | | PO Box 12488 | | | Newark | NJ | 07101 | | Various | | Trade Claim | | | | No | $424.05 |
| 3.091 | Power Engineers Inc | | PO Box 855321 | | | Minneapolis | MN | 55485-5321 | | 10/16/2024 | | Trade Claim | | | | No | $11,042.00 |
| 3.092 | PSC Electronics | | PO Box 888793 | | | Los Angeles | CA | 90088-8793 | | Various | | Trade Claim | | | | No | $77,641.74 |
| 3.093 | Raymond Handling Solutions, Inc. | | 1801 W Olympic Blvd | File 1700 | | Pasadena | CA | 91199-1700 | | 10/30/2024 | | Trade Claim | | | | No | $8,795.00 |
| 3.094 | Realty Income | | 13500 North Enon Church Road | | | Chester | VA | 23836 | | 3/1/2025 | | Trade Claim | | | | No | $315,000.00 |
| 3.095 | Reed Smith LLP | | 225 Fifth Avenue | | | Pittsburgh | PA | 15222 | | Various | | Professional Services | | | | No | $2,934.00 |
| 3.096 | Rexel | | PO Box 743448 | | | Los Angeles | CA | 90074-3448 | | Various | | Trade Claim | | | | No | $2,718.24 |
| 3.097 | Riggers Inc | | 901 Holly Spring Avenue | | | Richmond | VA | 23224 | | Various | | Trade Claim | | | | No | $109,368.38 |
| 3.098 | Rivers Bend East Office &Technology Center I, LLC | | 13281 Rivers Bend Boulevard | Suite 201 | | Chester | VA | 23836 | | 10/9/2024 | | Trade Claim | | | | No | $2,200.00 |
| 3.099 | Roth Jackson Gibbons Condlin, PLC | | 8200 Greensboro Drive | Suite 820 | | McLean | VA | 22102 | | Various | | Trade Claim | | | | No | $8,612.50 |
| 3.100 | RS | Attn: Accts Receivable Dept | PO Box 841811 | | | Dallas | TX | 75284-1811 | | Various | | Trade Claim | | | | No | $2,991.33 |

In re: Plenty Unlimited Inc.
Case No. 25-90106

**SCHEDULE F ATTACHMENT**
Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Attention | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.101 | SAF North America LLC | | 3250 Quentin Street Unit 128 | | | Aurora | CO | 80011 | | 10/10/2024 | | Trade Claim | | | | No | $10,178.55 |
| 3.102 | SAMCO Machinery Ltd | | 351 Passmore Avenue | | | Toronto | ON | M1V3N8 | Canada | Various | | Trade Claim | | | | No | $94,132.02 |
| 3.103 | SendCutSend, Inc. | | 4855 Longley Ln | | | Reno | NV | 89502 | | 10/14/2024 | | Trade Claim | | | | No | $157.32 |
| 3.104 | Southeast Industrial Equipment | | 12200 Steele Creek Road | | | Charlotte | NC | 28273 | | 3/11/2025 | | Trade Claim | | | | No | $1,328.69 |
| 3.105 | Steiner B. Moore | | 809A Professional Pl W, Ste 101 | | | Chesapeake | VA | 23320 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.106 | Strickland Waterproofing | | 500 North Hoskins Road | | | Charolette | NC | 28216 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.107 | Sunbelt Rentals Inc | | PO Box 409211 | | | Atlanta | GA | 30384-9211 | | Various | | Trade Claim | | | | No | $9,254.19 |
| 3.108 | Timmons Group | | 1001 Boulders Parkway, Suite 300 | | | Richmond | VA | 23225 | | Various | | Trade Claim | | | | No | $35,004.60 |
| 3.109 | Total Quality Logistics | | PO Box 634558 | | | Cincinnati | OH | 45263-4558 | | Various | | Trade Claim | | | | No | $2,961.33 |
| 3.110 | Trane U.S. Inc. | | PO Box 98167 | | | Chicago | IL | 60693 | | Various | | Trade Claim | | | | No | $2,228,683.01 |
| 3.111 | Trolley House Refreshments Inc. | | 1307 School St | | | Richmond | VA | 23220 | | Various | | Trade Claim | | | | No | $786.18 |
| 3.112 | UL LLC | | 75 Remittance Drive, Suite #1524 | | | Chicago | IL | 60675-1524 | | 10/25/2024 | | Trade Claim | | | | No | $2,950.00 |
| 3.113 | Uline | Attn: Accounts Receivable | PO Box 88741 | | | Chicago | IL | 60680-1741 | | Various | | Trade Claim | | | | No | $9,218.96 |
| 3.114 | UniFirst Corporation | | PO Box 650481 | | | Dallas | TX | 75265 | | Various | | Trade Claim | | | | No | $761.46 |
| 3.115 | Unigen Corporation | | 39730 Eureka Drive | | | Newark | CA | 94560 | | Various | | Trade Claim | | | | No | $146,690.64 |
| 3.116 | United Electric | | 10 Bellecor Drive | | | New Castle | DE | 19720 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.117 | United Rentals Inc. | | 11440 AIR PARK RD | BRANCH 378 | | ASHLAND | VA | 23005-3442 | | Various | | Trade Claim | | | | No | $3,900.80 |
| 3.118 | Van der Knaap USA LLC | | 101 Cornerstone place | | | Whitehall | PA | 18052 | | 9/9/2024 | | Trade Claim | | | | No | $2,246.00 |
| 3.119 | Virginia Department of Agriculture and Consumer Services | | PO Box 430 | | | Richmond | VA | 23218-0430 | | 3/7/2025 | | Trade Claim | | | | No | $775.00 |
| 3.120 | VSC Fire & Security | | 10343-B Kings Acres Road | | | Ashland | VA | 23005 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.121 | Water spray test | c/o WDP & Associates | Andrew Wagner | 335 Greenbrier Drive, Suite 205 | | Charlottesville | VA | 22901 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.122 | Whiting-Turner Contracting Company | | 300 E Joppa Rd | 8th Floor | | Towson | MD | 21286 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.123 | Wilco Imaging Inc | | 3380 Industrial Boulevard | SUTIE 103 | | West Sacramento | CA | 95691 | | Various | | Trade Claim | | | | No | $38,130.00 |
| 3.124 | WW Nash | | 1400 Brook Road | | | Richmond | VA | 23220 | | Various | | Trade Claim | X | X | X | No | Undetermined |
| 3.125 | Xometry Inc | | PO Box 735303 | | | Dallas | TX | 75373 | | 4/30/2024 | | Trade Claim | | | | No | $189.74 |
| 3.126 | Zoro Tools, Inc | | PO Box 5233 | | | Janesville | WI | 53547-5233 | | Various | | Trade Claim | | | | No | $577.78 |

**Fill in this information to identify the case:**

Debtor name: P F2 VA LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 25-90111

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

2.1 **State what the contract or lease is for and the nature of the debtor's interest**     See Exhibit G

**State the term remaining**

**List the contract number of any government contract**

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Description of Contract or Lease | Counterparty Name | Attention | Address 1 | Address 2 | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|---|---|
| 2.001 | All outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Barry Wehmiller Design Group, Inc. | Attn: Jin Ter Lim | 6119 Washington Blvd | Suite 100 | Commerce | CA | 90040 | |
| 2.002 | Services agreement, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | C&G AG , LLC | | 350 West Venice Avenue Unit 1170 | | Venice | FL | 34285 | |
| 2.003 | Land Disturbance Permit and related ancillary agreements; including compliance period extension | Chesterfield County, Virginia | Attn: Scott B. Smedley, P.E. Director | 9800 Government Center Parkway | PO Box 40 | Chesterfield | VA | 23832-0040 | |
| 2.004 | Commercial/Industrial Line Extension Agreement, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Columbia Gas of Virginia, Inc | | 1809 Coyote Drive | | Chester | VA | 23836 | |
| 2.005 | Comcast Enterprise Services Master Service Agreement (MSA) and all other service or ancillary agreements | Comcast Cable Communications Management, LLC (Comcast - South San Fran) | Attn: Vice President of Business Services Sales Operations | One Comcast Center | 1701 JFK Blvd., 20 FL | Philadelphia | PA | 19103 | |
| 2.006 | Agreement for Electric Service, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Dominion Energy Virginia | | 600 Canal Place | | Richmond | VA | 23219 | |
| 2.007 | All outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | F.G. Pruitt Inc. | | 13500 North Enon Church Road | | Chester | VA | 23836 | |
| 2.008 | All outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Newfront Insurance Services, LLC | | 777 Mariners Island Blvd. Suite 250 | | San Mateo | CA | 94404 | |
| 2.009 | Master Services Agreement, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | NOPE Compost Co. | | 10307 W Broad Street #301 | | Glen Allen | VA | 23060 | |
| 2.010 | Lease Agreement and all amendments and ancillary agreements related thereto | Realty Income Properties 9, LLC | Realty Income Corporation | Attn: Legal Department | 11995 El Camino Real | San Diego | CA | 92130 | |
| 2.011 | All outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Riggers Inc | | 901 Holly Spring Avenue | | Richmond | VA | 23224 | |
| 2.012 | Master Services Agreement, all outstanding sales quotes and purchase orders, and all other service and ancillary agreements related thereto | Verizon | | One Verizon Way | | Basking Ridge | NJ | 7920 | |
| 2.013 | AIA Document A102-2017 Standard Form of Agreement, all outstanding sales quotes, proposals or purchase orders, and all other service and ancillary agreements related thereto | Whiting-Turner Contracting Company | | 300 E Joppa Rd | 8th Floor | Towson | MD | 21286 | |
| 2.014 | Lease Agreement and all amendments and ancillary agreements related thereto | Williams Scotsman, Inc. | | 4646 East Van Buren St | Suite 400 | Phoenix | AZ | 85005 | |

| Fill in this information to identify the case: |
|---|
| Debtor name: P F2 VA LLC |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 25-90111 |

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 Blue Gardens LLC | 1461 Commerce Drive Laramie, WY 82070 | One Madison Group – Plenty II, LLC | ☑ D ☐ E/F ☐ G |
| 2.2 Blue Gardens LLC | 1461 Commerce Drive Laramie, WY 82070 | SVF II Pacific (DE) LLC | ☑ D ☐ E/F ☐ G |
| 2.3 Bright Agrotech, Inc. | 1461 Commerce Drive Laramie, WY 82070 | One Madison Group – Plenty II, LLC | ☑ D ☐ E/F ☐ G |
| 2.4 Bright Agrotech, Inc. | 1461 Commerce Drive Laramie, WY 82070 | SVF II Pacific (DE) LLC | ☑ D ☐ E/F ☐ G |

2.5
MJNN LLC

1461 Commerce Drive Laramie, WY 82070

One Madison Group – Plenty II, LLC

☑ D
☐ E/F
☐ G

2.6
MJNN LLC

1461 Commerce Drive Laramie, WY 82070

SVF II Pacific (DE) LLC

☑ D
☐ E/F
☐ G

2.7
Plenty Unlimited Inc.

1461 Commerce Drive Laramie, WY 82070

Newfront Insurance Services, LLC

☐ D
☐ E/F
☑ G

2.8
Plenty Unlimited Inc.

1461 Commerce Drive Laramie, WY 82070

One Madison Group – Plenty II, LLC

☑ D
☐ E/F
☐ G

2.9
Plenty Unlimited Inc.

1461 Commerce Drive Laramie, WY 82070

Realty Income Properties 9, LLC

☐ D
☐ E/F
☑ G

2.10
Plenty Unlimited Inc.

1461 Commerce Drive Laramie, WY 82070

SVF II Pacific (DE) LLC

☑ D
☐ E/F
☐ G

2.11
White Farms LLC

1461 Commerce Drive Laramie, WY 82070

One Madison Group – Plenty II, LLC

☑ D
☐ E/F
☐ G

2.12
White Farms LLC

1461 Commerce Drive Laramie, WY 82070

SVF II Pacific (DE) LLC

☑ D
☐ E/F
☐ G

| Fill in this information to identify the case: |
|---|
| Debtor name: P F2 VA LLC |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 25-90111 |

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☑ Schedule H: Codebtors (Official Form 206H)

☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

04/02/2025
_____
Executed on

DocuSigned by:

*Daniel Malech*
FFFFAD50887C448...

Signature of individual signing on behalf of debtor
Daniel Malech

Printed name
Interim Chief Executive Officer

Position or relationship to debtor